**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **BRENDA HORN, et al.,** | : | |
| | : | |
| Plaintiffs, | : | Case No. 12-CV-567 |
| | : | |
| v. | : | JUDGE ALGENON L. MARBLEY |
| | : | |
| **HUSQVARNA CONSUMER OUTDOOR PRODUCTS N.A., INC., et al.,** | : | |
| | : | Magistrate Judge Terence Kemp |
| | : | |
| Defendants. | : | |

**OPINION AND ORDER**

**I. INTRODUCTION**

This matter is before the Court on Defendant's Motion to Dismiss Count VII of Plaintiffs' Second Amended Complaint (Doc. 8). (Doc. 14) For the reasons stated herein, Defendant's Motion to Dismiss is **GRANTED**. Although Defendant Husqvarna Consumer Outdoor Products N.A., Inc. ("Husqvarna") moves only on behalf of itself, the legal basis of the Motion requires Count VII be dismissed with regard to all parties.

**II. BACKGROUND**

On April 19, 2012, Plaintiff Brenda Horn leased a riding lawn tractor manufactured by Defendant Husqvarna from Defendant Aaron's, Inc. ("Aaron's"). The following day, April 20, Plaintiff Brenda Horn alleges she injured her foot while operating the lawn tractor. Plaintiff originally filed this suit in Franklin County Court of Common Pleas on May 8, 2012. On June 25, 2012 Defendant Husqvarna removed the suit to this Court on the basis of diversity, 28 U.S.C. §1332, with the consent of Defendant Aaron's. Plaintiffs' Second Amended Complaint lists eight claims under Ohio law. Count VII, which does not cite a statute and is construed as a claim

under common law, is for "Breach of Warranties/Merchantability & Fitness for Particular Purpose."  (Doc. 8 at 19)  Defendant Husqvarna now moves to dismiss Count VII.  Plaintiffs have failed to respond to Defendant's Motion for the past six months, far in excess of the 21-day window.  The Court considers Plaintiffs' to have forfeited their response in opposition.  Thus, Defendant's Motion to Dismiss is fully briefed and ripe for adjudication.

### III. STANDARD OF REVIEW

A case may be dismissed if the complaint does not state a claim on which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  A "motion to dismiss for failure to state a claim is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Golden v. City of Columbus*, 404 F.3d 950, 958-59 (6th Cir. 2005).  Consequently, the Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party.  *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008)*; Murphy v. Sofamor Danek Gp.,Inc.*, 123 F.3d 394, 400 (6th Cir. 1997).  The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations.  *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Although liberal, the Rule 12(b)(6) standard requires more than a bare assertion of legal conclusions to survive a motion to dismiss.  *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993) (citation omitted).  The complaint must "'give the defendant fair notice of what the claim is, and the grounds upon which it rests.'"  *Nader v. Blackwell*, 545 F.3d 459, 470 (6th Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89 (2007)).  While a complaint need not contain "detailed

factual allegations," its "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (2007). A complaint that suggests "the mere possibility of misconduct" is insufficient; rather, the complaint must state "a plausible claim for relief." *Iqbal*, 556 U.S. at 679 (2009) (*citing Twombly*, 550 U.S at 556).

## IV. LAW & ANALYSIS

Defendant Husqvarna moves to dismiss Count VII on the grounds that The Ohio Products Liability Act ("OPLA"), under which Plaintiffs allege Counts I through VI, states that it is "intended to abrogate all common law product liability claims or causes of action." Ohio Rev. Code Ann. § 2307.71(B) (West). On its face, OPLA eliminates common law product liability claims under Ohio law. This Court has consistently adopted that interpretation of OPLA. In *Miller v. ALZA Corp*, 759 F.Supp.2d 929, 943 (S.D. Ohio 2010), this Court found "Plaintiff's [product liability] claims for breach of the implied warranty of fitness and breach of express warranty [] have been abrogated by Ohio's Product Liability Act." *See also Hempy v. Breg, Inc.,* No. 2:11-CV-900, 2012 380119 (S.D. Ohio Feb. 6, 2012). In light of this explicit abrogation, no set of facts or favorable inferences would allow Plaintiffs to recover under Count VII. Significantly, OPLA provides specific provisions for recovering for such alleged breaches of merchantability, warranties, and fitness. *See* Ohio Rev. Code Ann. §§ 2307.75, 2307.77. Plaintiffs' right to be made whole is not impaired by OPLA's abrogation of common law product liability. Count VII of Plaintiffs' Second Amended Complaint must, therefore, be dismissed with prejudice. Although Defendant Husqvarna moves to dismiss on its own behalf, Count VII is legally insufficient with regard to all Defendants and is, thus, dismissed against all Defendants.

## V. CONCLUSION

For the reasons stated above, Defendant's, Motion to Dismiss Count VII of Plaintiffs' Second Amended Complaint (Doc. 14) is **GRANTED**.  Count VII (Doc. 8) is hereby **DISMISSED**.

**IT IS SO ORDERED.**

                                                   s/ Algenon L. Marbley
                                                **ALGENON L. MARBLEY**
                                                **UNITED STATES DISTRICT JUDGE**

**DATED: February 26, 2013**